# UNITED STATES DISTRICT COURT
for the

_____ District of Montana

Helena Division

APR 1 0 2025

Clerk, U.S. Courts
District of Montana
Helena Division

Case No. _____
(to be filled in by the Clerk's Office)

CAMERON EMANUEL GUTIERREZ

Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Sheriff Rich St. John, Nurse Ashley

Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Cameron Emanuel Gutierrez
All other names by which you have been known: Cameron Emanuel FALLS DOWN
ID Number: 3035698
Current Institution: Shelby Prison
Address: 50 Crossroads Dr.
City: Shelby    State: MT    Zip Code: 59474

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: Rich Saint John
Job or Title *(if known)*: Sheriff
Shield Number:
Employer: Yellowstone County
Address:
City: Billings    State: MT    Zip Code: 59101
[ ] Individual capacity    [X] Official capacity

Defendant No. 2
Name: Nurse Ashley
Job or Title *(if known)*: Nurse
Shield Number:
Employer: Yellowstone County Sheriff
Address:
City: Billings    State: MT    Zip Code: 59101
[ ] Individual capacity    [X] Official capacity

Defendant No. 3
  Name
  Job or Title *(if known)*
  Shield Number
  Employer
  Address

  _____ _____ _____
  City             State            Zip Code
  ☐ Individual capacity   ☐ Official capacity

Defendant No. 4
  Name
  Job or Title *(if known)*
  Shield Number
  Employer
  Address

  _____ _____ _____
  City             State            Zip Code
  ☐ Individual capacity   ☐ Official capacity

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against *(check all that apply)*:

  ☐ Federal officials (a *Bivens* claim)

  ☒ State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
  14th, 8th Amendments

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?
  N/A

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

- Defendant #1 using County\State policy for care of inmates took upon himself the choice a doctor should have made.
- Defendant #2 violated her oath by ignoring a basic level of care.

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

See Att. "1"

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

See Att. "1"

C. What date and approximate time did the events giving rise to your claim(s) occur?

See Att. "1"

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Att. "1"

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I have to have long term rehabilitative care, and suffer from severe P.T.S.D..

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1. All medical cost in relation to my treatment.
2. $10,000,000.00 actual damages
3. All legal cost

## ATT. "1"

On or about August 6th, 2023 the above-named Plaintiff was taken into custody by the Yellowstone County Sheriffs Office. During this arrest, arresting Officer's brutally attacked the Plaintiff. This assault occured after the Plaintiff was taken into custody (i.e...in handcuffs). Unknown Officer #1 and unknown Officer #2 specifically stepped on the Plaintiff's neck while he laid on the ground with his hands cuffed behind his back.

After this assault the Plaintiff's neck swelled up, and the Plaintiff began having trouble breathing. The swelling resulted in the Plaintiff having to be transported to ~~St. Vincent~~ Billings Clenic. Upon arrival at said medical facility, the Plaintiff was seen by medical staff.

Upon the Plaintiff's intake, medical staff informed the arresting Officer's that the Plaintiff would need to be admitted into the facility. Shortly thereafter, Defendant #1 (Rich Saint John) arrived at the medical facility, and talked with Officer's and medical staff, and informed them that due to staffing shortages, the Plaintiff would not be allowed to stay in the hospital and that he would receive medical care in the County Jail.

"To plead a claim against supervisory or administrative individuals, such as Defendant #1, the Plaintiff must demonstrate that they personally violated a constitutional right." Ashcroft v. Iqbal, 556 U.S. 662, 683, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A supervisor may be liable if there exists either:

(1) his or her personal involvement in the constitutional deprivation *emphasis added*." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

After being taken to the County Jail per Defendant #1's orders, the Plaintiff was seen by Defendant #2 (Nurse Ashley).

Defendant #2 told jail staff that "nothing was wrong with the Plaintiff, and that he 'was faking.'" Defendant #2, ignoring the swelling and bruising on and around the Plaintiff's neck, told staff that the Plaintiff could be returned to the main line. Defendant #2 performed no test, or no more than a physical exam from through a cell window.

"A prison official violates a prisoner's Eighth Amendment rights when:
(1) objectively the official's act [*3] or omission is so serious it results in the denial of minimal civilized measure of life necessitites; and (2) subjectively, the prison official acted with deliberate indifferance to the prisoner's health or safety." Flesch v. Brown, 2023 U.S. Dist. LEXIS 75441.

That night, the Plaintiff was sent to the "main line." The next day the Plaintiff awoke in extreme pain, and unable to walk. The Plaintiff after nearly 10 hours was taken to medical, where he met again with Defendant #2. Upon meeting with Defendant #2 the Plaintiff was told by Defendant #2 that she had no file on the Plaintiff and that he would "have to wait" while she created one. This wait took over two more additional hours. Thus nearly 40 hours after the injury occured the Plaintiff was taken to the hospital once again. The Plaintiff went through several MRI's and other tests. These tests showed that the Plaintiff had two fractures in his neck at C1 and C2. The Plaintiff was shortly thereafter transported to the Pine Hills Correctional Facility where he underwent multiple physical therapy treatments.

The Plaintiff argues that Defendant #1 lacked the medical training to interfere in the Plaintiff's medical care, and that his direct decision without said training resulted in unnecessary long term suffering through multiple painful physical therapies.

Furthermore, the Plaintiff argues that Defendant #2 via her

training had not only an ethical obligation but a legal obligation as well to provide the Plaintiff with a standard of medical care that is exceptable to the most basic standards of humanity.

Thus, both Defendant's are liable under section 1983 of the federal code.

VII. **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Yellowstone County Jail, but before exhaustion I was transfered for medical treatment.

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

All

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E. If you did file a grievance:

1. Where did you file the grievance?

   _____

2. What did you claim in your grievance?

   _____

3. What was the result, if any?

   _____

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   _____

F.  If you did not file a grievance:

   1. If there are any reasons why you did not file a grievance, state them here:

   I was moved before I had a chance.

   2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   I sent a letter.

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☒ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☒ No

   If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3-31-2025

Signature of Plaintiff: Cameron E Gutierrez
Printed Name of Plaintiff: Cameron E Gutierrez
Prison Identification #: 3035698
Prison Address: 50 Crossroads Drive
Shelby, MT 59474

### B. For Attorneys



Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

City  State  Zip Code

Telephone Number
E-mail Address

Page 11 of 11